113 N.J. Super. 542 (1971)
274 A.2d 593
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
MICHAEL DE GEORGE AND PETER LUCCI, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued January 26, 1971.
Decided March 1, 1971.
*543 Before Judges LEWIS, MATTHEWS and MINTZ.
Mr. Mark A. Aurigemma argued the cause for appellants.
Mr. Edwin H. Stern, Chief Assistant Prosecutor, argued the cause for respondent (Mr. Geoffrey Gaulkin, Prosecutor of Hudson County, attorney).
The opinion of the court was delivered by LEWIS, P.J.A.D.
Defendant Michael De George pled guilty to three counts of an indictment charging him with engaging in a lottery business, possession of lottery paraphernalia and bookmaking, in violation of N.J.S.A. 2A:121-3(a) and (b) and N.J.S.A. 2A:112-3, respectively. Codefendant Peter Lucci pled guilty to an indictment charging him with working for a lottery in violation of N.J.S.A. 2A:121-3(a).
De George was sentenced to the Hudson County Penitentiary on each of the first two counts of the indictment for a period of one year, the terms to run concurrently. The sentences were suspended except for a 75-day period of confinement. On the third count, he was sentenced to State Prison for a period of one to three years. The sentence was suspended, and he was placed on probation for a period of three years and fined $1,000.
Lucci was sentenced to the Hudson County Penitentiary for one year. The sentence was suspended except for a confinement of 60 days, and he was placed on probation for a period of two years and fined $500.
*544 On appeal defendants argue that (1) the offenses committed should not carry any custodial sentence because "the public wants to gamble" and that "any necessary custodial sentence is violative of the discretion of the sentencing judges," (2) the custodial sentences imposed were not warranted, and (3) their motion to remit the fines was erroneously denied.
We find nothing of substance to this appeal. The sentences were well within statutory limits and sound judicial discretion.
The sentencing judge, in his oral opinion on the motion to remit the fines, made it clear that "the fine is part of the sentence and therefore has to be paid as well as the sentence being served." The orders of probation stated that the fines were to be paid forthwith. Moreover, each defendant respectively acknowledged in writing that he had read the conditions of probation and that they had been explained to him. These conditions, among other things, provided: "You will pay through the probation department any and all monies ordered to be paid by the court in strict accord with terms fixed by the court." See R. 3:21-7; N.J.S.A. 2A:168-2; cf. Adamo v. McCorkle, 13 N.J. 561, 567-568 (1953), cert. den. 347 U.S. 928, 74 S.Ct. 531, 98 L.Ed. 1080 (1954).
We note that the brief and appendix on behalf of the State included copies of the presentence reports. The assistant prosecutor who argued the matter on appeal recognized the impropriety of the procedure that had been followed by the draftsman of the brief. We ordered sua sponte that these reports be expunged from the filed document, because such reports should not be a matter of public record. See R. 3:21-2; cf. State v. Kunz, 55 N.J. 128, 139-140 (1969). The better practice in submitting presentence reports to the court is to do so separately and apart from briefs or appendices in an enclosure appropriately noting that they are for the confidential use of the court.
Affirmed.